## 310

**No. 49410.**—Protests 51834–K, etc., of Absorbo Beer Pad Co., Inc. (New York).

Opinion by Kincheloe, J. In accordance with stipulation of counsel that the pulpboard in question is the same in all material respects as that passed upon in Abstract 48207, it was held dutiable at 10 percent under paragraph 1402 as claimed.

**No. 49411.**—Protests 886961–G, etc., of Absorbo Beer Pad Co., Inc., et al. (New York).

Opinion by Kincheloe, J. In accordance with stipulation of counsel that the pulpboard in question is the same in all material respects as that passed upon in *Absorbo Beer Pad Co.* v. *United States* (10 Cust. Ct. 176, C. D. 748), it was held dutiable at 10 percent under paragraph 1402 as claimed.

**No. 49412.**—Protest 967719–G of W. X. Huber Co. (Los Angeles).

Opinion by Kincheloe, J. At the hearing the importer stated that the merchandise consists of six pieces or rugs measuring variously from 3 by 100 feet to 12 by 100 feet and that he purchased it in Japan and saw it after its arrival here. He produced an illustrative sample measuring 1 foot square but admitted it did not come out of the importation in question. It was agreed it was in chief value of cotton. An examination of the exhibit showed it to be a rather thick, tightly woven fabric of heavy cotton yarns, entirely white, and without any design or color on either side, both sides appearing to be woven alike and therefore undoubtedly usable as floor coverings on both sides. The testimony of the witness was quite in accord with this. Counsel for the plaintiff referred to Abstract 45802 as supporting the claim that the rugs in question are of like character or description to ingrain rugs and therefore dutiable at 25 percent under paragraph 1117 (b). However, inasmuch as an inspection of illustrative exhibit 1 in the present instance showed it to be entirely different in appearance, weave, material, and character, from exhibit 1 covered by the decision in said Abstract 45802, the court felt the two were hardly comparable, the only similarity being that they are apparently woven alike on both sides and can therefore be used as floor coverings on both sides. The court found it hard to imagine just where rugs of such large and peculiar sizes as shown on invoice are used, but was of the opinion that possibly these long lengths represent rugs in the piece, requiring only to be cut to specified lengths or widths, and then bound, to make them into separate rugs. However, the record furnished no information on this point, other than that the merchandise is used as floor coverings. The instant merchandise was found to be so far different from that the subject of Abstract 45802, and the testimony introduced by plaintiff failing to prove that the rugs under consideration are ingrain rugs, or rugs of like character or description within the purview of paragraph 1117 (b), the claim was overruled.